(C.D. 2309)

THE BARBIZON CORPORATION *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 16, 1962)

*Sharretts, Paley & Carter* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE, J., dissenting

FORD, Judge: In the case of *Gimbel Bros., Inc.* v. *United States*, 48 Cust. Ct. 18, C.D. 2308, decided concurrently, we held certain nylon girdles, in part lace, to be properly dutiable under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified, as classified by the collector of customs, rather than under the provisions of paragraph 1529(c) of said act, as modified, as claimed by plaintiff therein.

The case at bar involves substantially the same basic issue, although the classification herein is under a different section of paragraph 1529(a). The merchandise involved herein consists of certain nylon lace made on a Levers or go-through lace machine of 12 points (full gauge) and was classified under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which, insofar as pertinent herein, provides as follows:

Lace (except veils and veilings) made on a Levers (including go-through) lace machine, whether or not embroidered, and however provided for in paragraph 1529(a), Tariff Act of 1930:

  Made full gauge on a machine of 12 point or finer:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

    Other_____ 45% ad val.

Plaintiff, by its protest, contends that said merchandise is properly dutiable at only 10 per centum ad valorem under the provisions of paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739 and T.D. 52827, which, insofar as is pertinent, provides as follows:

Articles manufactured, in whole or in part, not specially provided
  for * * *_____ 10% ad val.

The record, in this case, is based upon a stipulation of fact, entered into by and between counsel for the respective parties, and contains the following four paragraphs which will be considered, *infra*:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, that the merchandise covered by the above enumerated protest assessed

for duty at 45% ad valorem under the provisions of Paragraph 1529(a), Tariff Act of 1930, as modified, consists of machine made lace composed wholly of nylon yarns and threads made wholly from nylon filaments and fibers.

IT IS FURTHER STIPULATED AND AGREED that said nylon filaments and fibers were derived by man from non cellulosic materials by chemical processes and were not made from cellulose, a cellulose hydrate, a compound of cellulose, nor from a mixture containing any of the foregoing.

IT IS FURTHER STIPULATED AND AGREED that the imported machine made nylon lace is not similar in the use to which it may be applied to any article enumerated in the dutiable schedule of the Tariff Act of 1930 other than the articles enumerated in Paragraph 1529(a).

IT IS FURTHER STIPULATED AND AGREED that the imported nylon lace was entered for consumption on September 9, 1958.

Based upon the record as made, plaintiff contends that noncellulosic (nylon) lace does not fall within the purview of the phrase "rayon or other synthetic textile," employed in paragraph 1529(a), *supra*, by virtue of the language contained in paragraph 1313 [1] of the Tariff Act of 1930 before its modification. For the reasons expressed in the *Gimbel* case, *supra*, decided concurrently herewith, we are in agreement with counsel for plaintiff that a lace made of a noncellulosic material, such as nylon, can not find classification under paragraph 1529(a), *supra*, insofar as the language "or rayon or other synthetic textile" is concerned.

The next basic proposition presented to the court is whether such lace could find classification in paragraph 1529(a), *supra*, under the language "yarns, threads, or filaments," or whether such material is limited to natural products.

Counsel for plaintiff contends that, since paragraph 1529(a), *supra*, provides for filaments, and paragraph 1313, *supra*, also provides for filaments, as Congress employed the language "* * * which product is solidified into filaments * * *," it is apparent Congress utilized the language yarns, threads, or filaments only with respect to natural products. While this may be a logical assumption, it does not appear to be based upon any legislative history or judicial interpretation. It is the function of this court to interpret the language employed by Congress in enacting the tariff act and, to do so, we endeavor to carry out the intent of Congress. In order to ascertain this intent, a review of the legislative history of the involved provisions in the various tariff acts and the cases decided thereunder was deemed appropriate in the *Gimbel* case, *supra*. For the reasons expressed in the *Gimbel* case, *supra*, we are of the opinion that the involved nylon lace falls within the purview of paragraph 1529(a) of the Tariff Act of 1930, as

---

[1] Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

modified, *supra*, as it is made of a yarn, thread, or filament generally used for knitting, weaving, or sewing.

We do not believe the use of the terms, yarns, threads, and filaments, as well as rayon or other synthetic textile, in paragraph 1529 (a), *supra*, made them mutually exclusive of each other, nor does it require that said yarns, threads, or filaments be of natural origin.

The protest is, therefore, overruled. Judgment will be entered accordingly.

### DISSENTING OPINION

LAWRENCE, Judge: For the reasons stated in my dissent in *Gimbel Bros., Inc.* v. *United States*, 48 Cust. Ct. 18, C.D. 2308, a companion case, decided concurrently herewith, I am of the opinion that the laces in controversy are excluded from classification in paragraph 1529 (a) of the Tariff Act of 1930, as modified, and are properly classifiable in paragraph 1558 of said act, as modified, as claimed by plaintiff.

I would, therefore, sustain the protest.